UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO. 2:11 CR 77 |
| | ) | |
| SALVADOR CHAVEZ | ) | |

OPINION AND ORDER

This matter is before the court on the Motion for Bill of Particulars [DE 609] filed by the defendant, Salvador Chavez, on August 9, 2013. For the reasons set forth below, the motion is **DENIED.**

*Background*

On November 7, 2012, the grand jury returned a forty-one count indictment against the defendant, Salvador Chavez, and fifteen other individuals. Chavez was named in the first two counts of the indictment for conspiracy to participate in a racketeering activity and conspiracy to possess with intent to distribute cocaine and marijuana. In Count I, the indictment explained that the defendants were members of the Imperial Gangsters and that they conspired and participated both directly and indirectly in the acts of murder, robbery, and narcotics trafficking. The indictment set forth eighty-three overt acts committed in furtherance of the conspiracy. Chavez was not named in any of the overt acts. The pending motion seeks information concerning the names of unindicted members of the conspiracy, the overt acts Chavez is alleged to have been involved with, the time, place, date, and manner in which he was involved, the people present at each offense, and the precise period of the conspiracy.

1

*Discussion*

Federal Rule of Criminal Procedure 7(f) provides:

The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

In determining whether to grant the Bill of Particulars, "[t]he standard is whether the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." ***United States v. Canino***, 949 F.2d 928, 949 (7th Cir.1991). *See also* ***United States v. Vaughn***, ---F.3d---, 2013 WL 3336715, *7 (7th Cir. July 3, 2013); ***United States v. Fassnacht***, 332 F.3d 440, 446 (7th Cir. 2003); ***United States v. Glecier***, 923 F.2d 496, 501 (7th Cir. 1991); ***United States v. Andrus***, 775 F.2d 825, 843 (7th Cir. 1985).

A defendant "is only entitled to know the offense with which he is charged, not all the details of how it will be proved." ***United States v. Richardson***, 130 F.3d 765, 776 (7th Cir. 1997). The indictment is not required to "detail every factual nugget necessary for conviction", nor is it required to "allege in detail the factual proof that will be relied on to support the charges." ***United States v. Smith***, 230 F.3d 300, 306 (7th Cir. 2000).

In making this determination, the court is not required to consider only the indictment. The information may be provided to the defendant through "some other satisfactory form." ***Canino,*** 949 F.2d at 949 (the government had maintained an "open-file" policy); ***Fassnacht***, 332 F.3d at 447 n. 2 ("the government in this case provided the defendants with extensive pretrial discovery, giving them full access to all documentary evidence in the government's possession, thus further obviating the need for a bill of particulars"); ***Glecier,*** 923 F.2d at 501-02 (a "volume

of documents and records" had been provided by the government during discovery).

Chavez complains that the indictment and subsequent discovery had failed to identify the unnamed co-conspirators, the overt acts he was alleged to be involved in, the time, place, date, and manner he aided and abetted in the crimes, the people present at each offense, and the precise period of the conspiracy. Chavez argues that this information is necessary to assure that the charges were filed within the statute of limitations and to prepare his defense, including an alibi.

Upon review of the indictment, although Chavez is named as a member of the conspiracy, he was not identified as committing any of the overt acts. Nor does the indictment state which acts he participated in. The government responds that the indictment complies with the requirements of the Seventh Circuit because it identifies the dates of the RICO and narcotics conspiracies, the general location of the offense, the statutes violated, the general background and structure of the enterprise, the purpose of the enterprise, and numerous overt acts committed in furtherance of the RICO conspiracy. However, the court is not certain that the indictment alone provides Chavez with enough information to prepare a defense. It does not identify any acts Chavez was involved in either directly or indirectly. Specifically, it is not clear whether he in any way participated in the murders or the robberies.

The government further argues that even if the indictment is insufficient, a bill of particulars is not warranted because the information to which Chavez is entitled was provided through subsequent discovery. However, defense counsel represents that except for a video recording of federal law enforcement and one United States attorney interviewing Chavez, the only other time his name is mentioned in the discovery was one police report where it was

alleged that some person thought Chavez pointed to something that appeared to be a firearm. In its response, the government does not dispute that this was the only discovery pertaining to Chavez. Rather, the government focuses on a meeting held after Chavez filed this motion where it provided Chavez with additional information.

At the meeting, the government represents that it made a "reverse proffer" to the defendant and his counsel. The government outlined the testimony it anticipates each cooperator will give with regard to Chavez's involvement with the Imperial Gangsters. It summary, the government anticipates that the cooperators will state that Chavez committed multiple "drug rips" with other members of the Imperial Gangsters, both indicted and unindicted. Some of the "drug rips" were in essence burglaries of drug stash houses and others were armed robberies involving violence. The government provided the names of some of Chavez's cohorts with whom he committed the robberies, the locations of the robberies, the quantities of narcotics taken, and the items Chavez bought with the proceeds. The government also revealed that cooperators will testify that Chavez sold guns and narcotics to other members of the conspiracy. Both cooperating Imperial Gangsters and rival gang members are expected to testify that Chavez shot at rival gang members on multiple occasions. The government identified one occasion where Chavez shot at Two Six gang members and another occasion where he shot at members of the breakaway Renegade faction of the 139th Street Imperial Gangsters.

Although the indictment did not identify the overt acts Chavez allegedly committed, nor did the discovery clarify the same, it appears that the government's reverse proffer adequately set forth Chavez's involvement in the conspiracy. The government identified the people with whom Chavez committed many of these acts and the manner in which he was involved in the

4

conspiracy. Although the indictment does not state the exact dates over which the conspiracy was alleged to have been ongoing, nor does the government represent that it revealed this information during its reverse proffer, the indictment sets forth the dates that certain overt acts occurred, giving the defendant a general idea of the alleged time frame. Because the government turned over much of the information Chavez seeks after he filed his motion, and the other information is ascertainable from the indictment, the court finds that a bill of particulars is not necessary at this time.

ENTERED this 30th day of August, 2013

/s/ Andrew P. Rodovich
United States Magistrate Judge