**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:11-CR-77-PPS |
| | ) | |
| | ) | |
| SALVADOR CHAVEZ | ) | |
| | ) | |

## OPINION AND ORDER

This matter is before me on Salvador Chavez's *pro se* motion for a reduction of

sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [DE 2226.]

Chavez is a 46-year-old male incarcerated at the Federal Correctional Institution in

Leavenworth, Kansas and is scheduled to be released on January 7, 2034. Chavez claims

that a purported sentencing disparity, his rehabilitation in prison, and his participation

in educational and vocational programs are extraordinary and compelling reasons

justifying a reduction in his sentence or even a reduction to time served followed by

home confinement. For the following reasons, the motion for compassionate release is

denied.

### Background

Salvador Chavez was a member of the Imperial Gangsters. As a member of that

gang, he participated in numerous armed robberies over the course of at least nine

years from 2001 to 2010. [DE 1123 at ¶¶19–27.] In several of these robberies, Chavez and

his co-conspirators stole tens of pounds of marijuana and cocaine. [*Id.* at ¶¶21–22, 27.]

1

In addition to these crimes of armed theft, Chavez attempted to murder three individuals on separate occasions from 2004 to 2007, and he drove the vehicle for fellow gang members during the tragic murder of Gudalupe Trevino on July 24, 2005. [*Id.* at ¶¶13–18, 56–58.] For these crimes, Chavez found himself a named co-defendant in a large RICO case aimed at the Imperial Gangsters. On January 13, 2014, Chavez pleaded guilty to one count of Conspiracy to Participate in Racketeering Activity in violation of 18 U.S.C. § 1962(d) stemming from his involvement with the Imperial Gangsters. [DE 805; DE 810.]

Chavez's total offense level was 40 with a criminal history category of level IV, which resulted in a sentencing guidelines range of 360 months incarceration to life imprisonment. [DE 1125 at 1.] On December 23, 2014, I sentenced Chavez to 300 months incarceration to be followed by two years of supervised release, a sentence considerably below the guidelines recommended range. [DE 1280; DE 1284.] This year, Chavez filed two motions in which he sought to reduce his sentence. Chavez filed the first motion, received by the Court on January 5, 2026, pursuant to Amendment 821 to the United States Sentencing Guidelines. [DE 2223.] I found that Chavez did not qualify for this requested relief and denied his motion. [DE 2224.] Chavez also filed a motion for compassionate release, which this Court received on January 15, 2026. [DE 2226.] I set a briefing schedule for this motion, and the government filed its response on February 13, 2026. [DE 2231.] Chavez has not filed his optional traverse (a reply to the government's response), which was due by March 17, 2026. [DE 2228.] Accordingly, the motion is ripe for adjudication.

2

## Discussion

It appears, and the government does not contest, that Chavez fully exhausted his administrative remedies prior to bringing this motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Chavez's petition includes a November 26, 2025, response from the Warden of FCI Leavenworth that denied Chavez's request that he be considered for compassionate release or a reduction in sentence. [DE 2226 at 27.] I will therefore proceed to the merits of Chavez's motion.

There are two avenues to compassionate release under 18 U.S.C. § 3582(c)(1)(A). One involves a situation where a defendant is at least 70 years of age and other requirements are met. § 3582(c)(1)(A)(ii). Chavez is presently 46 years old, so this avenue is not an option for him. The second route is for Chavez to establish that there are "extraordinary and compelling reasons" warranting a reduction in his sentence. § 3582(c)(1)(A)(i). Taking this route involves a two-step process: Chavez must first identify an extraordinary and compelling reason warranting his sentence reduction. Then, if he can meet this high standard, he must show that the sentencing factors in 18 U.S.C. § 3553(a) favor his release. *See United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). He has done neither.

The U.S. Sentencing Guidelines policy statement provides me some guidance in determining what is an "extraordinary and compelling reason" for a reduced sentence — a phrase that is inherently pliable. Most are plainly inapplicable here and are not claimed by Chavez. *See* U.S.S.G. § 1B1.13(b)(1), (3-5). Chavez moves for compassionate release based on two reasons listed in § 1B1.13(b): (1) his age and (2) his

3

claim that he received an unusually long sentence. These bases map onto U.S.S.G. §

1B1.13(b)(2) and U.S.S.G. § 1B1.13(b)(6), respectively. Chavez also suggests throughout

his petition that the Court should consider U.S.S.G. § 1B1.13(d), which concerns

rehabilitation of the defendant. The U.S. Sentencing Guidelines policy statement notes

that rehabilitation "is not, by itself, an extraordinary and compelling reason" but may

be "considered in combination with other circumstances" in determining whether to

reduce a sentence of imprisonment. U.S.S.G. § 1B1.13(d). Chavez also references

U.S.S.G. § 1B1.13(c), which states that, except as provided in § 1B1.13(b)(6) (discussed

above), a change in the law "shall not be considered for purposes of determining

whether an extraordinary and compelling reason" exists. U.S.S.G. § 1B1.13(c). However,

the court can consider a change in law if the defendant otherwise establishes that other

extraordinary and compelling reasons exist. *See id.*

Chavez's age is not an extraordinary and compelling reasoning under U.S.S.G. §

1B1.13(b)(2). This section includes three requirements: "*The defendant (A) is at least 65*

*years old*; (B) is experiencing a serious deterioration in physical or mental health because

of the aging process; and (C) has served at least 10 years or 75 percent of his or her term

of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2) (emphasis added). In his

petition, Chavez checked the box for this section and then wrote above: "I'm 46 years

old." [DE 2226 at 5.] By his own acknowledgment, this section does not apply to

Chavez. The fact that he has served 13 years of his sentence is only one of the three

criteria for this section to apply.

Chavez has not provided any other extraordinary and compelling reasons,

4

including under U.S.S.G. § 1B1.13(b)(6), that warrant a reduction in his sentence. Chavez first claims a gross sentencing disparity between himself and co-defendants "that gave substantial assistance to authorities, [ ] have violen[t] backgrounds, [and] actually did the crime." [DE 2226 at 20–21.] As the government notes, individuals who provide substantial cooperation to government authorities regularly receive credit for that cooperation in the form of reduced sentences. That is not a "gross disparity" but rather the outcome of an incentive structure designed to encourage defendants to take ownership of their wrongdoing and to help the government punish the known wrongdoing of others. This choice also comes with risk to an individual's safety, which is yet another reason to reward the decision to cooperate. Chavez chose not to cooperate, which was his prerogative. But he cannot now claim that this decision resulted in an unfair sentencing disparity as compared to those who did.

Chavez next cites his rehabilitation efforts in prison as an extraordinary and compelling reason justifying modification of his sentence. Chavez notes he has maintained close relationships with his family, daughter, and the mother of his child while incarcerated the last 13 years. [*Id.* at 21–22.] This is no small feat, and the Court understands the difficulty in maintaining such relationships in a prison setting. Chavez also received his G.E.D., maintained good work history, and has earned thousands of credit hours in various educational and apprenticeship programs. [*Id.* at 24.] Finally, Chavez expresses his deep remorse to the Trevino family and demonstrates genuine commitment to building a better life for himself, his family, and his community after his release from custody. [*Id.* at 21–23.] The Court is pleased to see Chavez has approached

his time in custody as an opportunity to build skills, reflect on his actions, and plan for his future. But Chavez's road to rehabilitation is not "extraordinary or compelling" such that it justifies the rare tool of a reduction in sentence. In reaching this conclusion, the Court in no way dismisses Chavez's efforts or suggests his remorse is not genuine. However, the Court continues to find that Chavez's 300-month sentence reflects the gravity of his past conduct.

I will add for the sake of completeness that the Section 3553(a) factors also do not weigh in Chavez's favor. The Section 3553(a) factors include the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; and the kinds of sentences and sentencing range for the applicable category of offense committed. 18 U.S.C. § 3553(a). The nature and circumstances of this offense are extremely serious. Chavez played a role in the murder of Gudalupe Trevino and participated in numerous violent armed robberies of drug stash houses and individuals. [DE 1123 at ¶¶13–27.] This is to say nothing of the three times Chavez attempted to murder (or at the very least shoot and maim) other individuals. [*Id.* at ¶¶56–58.] At the time of his conviction for this offense, Trevino already had seven additional criminal convictions, including one for burglary. [*Id.* at ¶¶60–66.] Chavez seems to have played an important role in the illicit activities of the Imperial Gangsters throughout his teenage years, his twenties, and even into his early thirties before his arrest in this case. And let's not forget that Chavez received a favorable sentence to begin with. Chavez

received a 300-month sentence, which is significantly below his guidelines range of 360 months to *life in prison*. In short, the § 3553(a) factors simply do not favor a shorter sentence here.

### Conclusion

Salvador Chavez's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [DE 2226] is **DENIED**. Chavez has not shown the factors under section 3553(a) warrant release or that extraordinary and compelling reasons warrant such a reduction under § 3582(c)(1)(A).

SO ORDERED.

ENTERED: April 23, 2026.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT